[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court on three motions. The plaintiff has filed a Motion For Contempt dated March 12, 1992 being Motion #239.00. The defendant has filed a Motion for Modification dated March 16, 1992 un-numbered. The plaintiff has filed a Motion For Contempt #245 dated June 8, 1993. This is a combined decision on all three motions.
The court in rendering its decision has considered the statutory criteria under Connecticut General Statute 46b-86 and all other relevant statutory criteria. The court has listened to the evidence and reviewed the parties memoranda of law as well as their claims for relief, their arguments presented and exhibits in the case as presented to the court.
The parties marriage was dissolved on April 3, 1991. At the time of the dissolution of marriage, the parties entered into a comprehensive separation agreement. At the time of the dissolution the husband had gross salary earnings of $7,800.00 per month from employment. His net income was $5,281.59.
The wife was earning as a consultant, $11,850.00 gross per month with a net of $7,641.00.
The parties have agreed that the court may modify retroactively back to April 1, 1992 if the court finds that is an appropriate circumstance. The parties have stipulated that in the months the defendant wife earned $5,000.00, the child support guidelines dictated a sum of $916.00 per month payment. The parties have stipulated that in the months defendant wife earned $3,440.00, the child support guidelines dictated $722.35 per month. It was left to the court as a trier of fact, to determine how much was earned in the respective months.
The court finds after hearing all the evidence that the wife's earnings were as follows:
 DATE WIFE'S GROSS EARNINGS PER MONTH April — 1992 $ -0- May — 1992 $ -0- June — 1992 $ -0- July — 1992 $ -0- August — 1992 $ -0- September — 1992 $ -0- October — 1992 $ 500.00 November — 1992 $ 5,000.00 December — 1992 $ 5,000.00 January — 1993 $ 5,000.00 February — 1993 $ 5,000.00 March — 1993 $ 5,000.00 April — 1993 $ 3,440.00 CT Page 11084 May — 1993 $ 5,000.00 June — 1993 $ 5,000.00 July — 1993 $ 5,000.00 August — 1993 $ 3,500.00 September — 1993 $ 3,500.00.
Accordingly, the court orders that the wife pay child support for the month of October, 1992 in the sum of $200.00. That for the months of November, December, 1992, January, February and March, 1993, the child support shall be $916.00 per month. For April of 1993, the child support payments shall be $722.35. For the months of May, June, and July of 1993, the child support payments shall be $916.00. For August and September of 1993, the child support payments shall be $722.35. The wife shall continue to make payments of $722.35 as long as she is earning $3,500 per month gross.
The court in entering the above amounts has found that there is a substantial change in circumstances as to the wife's earned income and accordingly, modifies it as set forth above. The wife owed as of March 31, 1992, the sum of $1,750.00. That is added to the above child support. The modified child support due from April of 1992 through September of 1993, is $9,695.05. In addition, the $1,700.00 due prior to that means she owes $11,445.05 as arrearage on the child support. She is to pay that off at the rate an additional $700.00 per month in addition to her payment of $722.35 until that amount is paid. As the wife's income increases, she is to advise the husband so that he may take appropriate action if he deems it necessary to seek an increase in the payments on the arrearage and on the original sum.
As to the money owed to Dr. Sachs, the wife owes $9,460.00 to Dr. Sachs. The court notes that $2,500.00 was paid by the plaintiff. Therefore, she is to pay the plaintiff the $2,500.00 first and then the balance to Dr. Sachs. The court modifies the obligation post April 1, 1992 by terminating the wife's obligation to pay Dr. Sachs. So, that, after April 1, 1992, she has no obligation to pay Dr. Sachs.
As to the medical insurance, the court finds that the wife owes the husband $148.00 up to March 31, 1992 and she is ordered to pay that forthwith.
The court finds that the wife's ability to earn an income as a consultant, has been adversely impacted by the ongoing recession. CT Page 11085 Accordingly, the court modifies her obligation to pay medical insurance from April 1, 1992 to cause her to have no obligation to make payments after April 1, 1992.
The same is true of the uninsured medical. The court finds that she owed as of March 31, 1992 the sum of $400.00. She is ordered to pay that forthwith, but the future uninsured medical is modified to terminate her obligation based on her current financial situation.
As it relates to life insurance, the wife's obligation is modified to $200,000.00 of life insurance. She is to use her best efforts to determine whether she can obtain such life insurance within 45 days of the date of this decision and report back to the court only if she is unable to obtain $200,000.00.
The wife shall notify the husband in writing every three months of her actual gross earnings from all sources including benefits. Copies of any checks representing income given to her or deposited to her account or cash from customers, clients and employees, shall be provided to the husband every three months. She shall provide her federal income tax return when filed to the husband for his review.
Accordingly, for all the reasons set forth above, the Motions For Contempt are denied as the court finds no willful violation and the Motion For Modification is granted all as ordered herein. Neither the parties are awarded attorney's fees. The court has taken into consideration all the statutory criteria under General Statutes 46b-62 as well as all other relevant statutory criteria.
All other claims for relief sought by the parties not addressed herein are denied.
KARAZIN, J. CT Page 11086